[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1)
Appellant Michel L. Kelly appeals his convictions for attempted rape. The case numbered B-9901965 involved his daughter, and the case numbered B-9900270 involved his niece. Both convictions followed Kelly's guilty pleas to attempted rape, and the state's dismissal of all specifications and the remaining counts. In his appeal, Kelly raises four assignments of error, claiming that the trial court erred by (1) imposing consecutive sentences; (2) sentencing him to a term not anticipated by his plea agreement; (3) imposing consecutive sentences that exceeded the maximum sentence for the most serious crime for which he was convicted; and (4) imposing more than the minimum sentence. (We note that during the pendency of this appeal Kelly filed a postconviction petition in which he has raised the issue addressed in his second assignment of error.)
Because Kelly's first and third assignments challenge the imposition of consecutive sentences, we address those assignments together. As this court has explained, "When imposing consecutive sentences, the trial court must make the appropriate statutory findings, and it must provide its reasons for imposing consecutive sentences."[1] This is because consecutive sentences may be imposed only in certain statutorily specified instances.
R.C. 2929.14(E)(4) requires that the trial court find that consecutive sentences are necessary to "protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The trial court must also make at least one of the three findings set forth in R.C. 2929.14(E)(4)(a), (b), and (c). In this instance, the only arguably applicable finding was that the offender caused such great or unusual harm that "no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct."[2]
During the sentencing hearing, the trial court made no mention of the appropriate findings, other than to admonish Kelly that sex with a child was inappropriate. In the felony-sentencing worksheet, the court indicated that consecutive sentences were necessary to fulfill the purposes of R.C. 2929.11, and that the harm caused was great or unusual.
Kelly argues that the trial court's finding that the harm was great or unusual was not supported by the record. We agree. Assuming, for the sake of argument only, that the trial court made all the requisite findings for imposing consecutive sentences, we conclude that the record does not support a finding that the harm to the victims in this case was great or unusual, and that there are no reasons provided for such a finding. If we take the trial court's finding at face value, we would be constrained to hold that any time an adult relative engages in sexual conduct with a child, the harm is per se great and unusual. Every case would be the exceptional one. Obviously, a child abused by an adult whom the child trusts suffers psychological harm and may require counseling. There are other cases, however, which fall outside this norm, where the conduct of the perpetrator or the circumstances surrounding the victim demonstrate that great or unusual harm occurred, especially when physical harm has conjoined with the psychological.
Assuming that the trial court's reason for its finding was that the victims suffered serious psychological harm (as there was no evidence of physical harm), we conclude that the record fails to support such a finding. Thus, because we clearly and convincingly find that the record does not support the imposition of consecutive sentences, we sustain Kelly's first assignment. Our disposition of Kelly's first assignment subsumes his third assignment.
The basis of Kelly's second assignment is that the trial court did not comply with a plea agreement allegedly entered by the parties and assented to by the trial court. According to Kelly, he was under the impression that the trial court and the state had indicated that he would receive a four-year sentence for the two counts to which he pleaded guilty. Kelly argues that the plea bargain was breached, that counsel was ineffective for not objecting to the length of his sentences based on the breach, and that his plea was involuntary because it was induced by the breached plea bargain. The record indicates that the trial court informed Kelly that the state had asked for the dismissal of certain counts and all specifications and for a reduction of one of the remaining counts. It also informed Kelly of the minimum and the maximum sentence for each offense and told him that it could impose the maximum sentence in each instance. Because the record before us is devoid of any evidence of an agreement to limit the term of Kelly's sentence as he alleges, we are precluded from taking any action other than to overrule his assignment. The record before us fails to demonstrate that a plea bargain was breached, that counsel was ineffective for failing to object to that breach, or that Kelly's plea was involuntary. Further, "it is well settled law that plea bargains between defendants and prosecutors are not binding upon the trial court and that the courts are free to impose up to the allowable maximum sentence for the crime even after accepting the agreed plea."[3] Thus, we overrule Kelly's second assignment.
In his fourth assignment, Kelly argues that the record fails to support the imposition of any but the shortest prison term, because he had not previously served a prison term. In order to impose more than the minimum sentence where an offender has not previously served a prison term, the trial court must find on the record that the shortest term will demean the seriousness of the offense and will not adequately protect the public from future crime by the offender or others.[4] To determine the appropriate length of a prison term, the court must consider the seriousness and recidivism factors provided in R.C. 2929.12. We have reviewed the record, including the felony-sentencing worksheet, and conclude that the trial court properly considered the purposes and principles of sentencing and the seriousness and recidivism factors, and that it was entitled to find that imposition of the minimum term would be inappropriate. (Even without consideration of whether the victims suffered serious emotional or psychological harm, the remaining seriousness and recidivism factors indicated by the trial court supported its decision.) We overrule Kelly's fourth assignment.
Thus, we affirm the trial court's judgment as to the findings of guilt, and vacate the sentence and remand to the trial court for correction of the sentence.
Painter and Shannon, JJ., concur.
Hildebrandt, P.J., dissenting.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Akins (Dec. 22, 2000), Hamilton App. Nos. C-000168, C-000169, and C-000170, unreported, citing R.C. 2929.19(B)(2)(c) andState v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.
[2] See R.C. 2929.14(E)(4)(b).
[3] See State v. Whitehead (Aug. 6, 1997), Lawrence App. No. 96CA54, unreported, and the cases cited therein.
[4] See R.C. 2929.14(B).
 Hildebrandt, J., dissenting.
Because I believe that the record supports a finding that the harm caused by Kelly was great or unusual and that, therefore, the trial court properly imposed consecutive sentences, I respectfully dissent from that portion of the majority's decision that sustains Kelly's first assignment of error.
The majority suggests that some young victims of sexual crimes suffer greater harm than others in similar situations, particularly when the harm is both physical and psychological. Because of this, the majority reasons that in this case there is not enough evidence on the record to support a finding of greater harm to these children. I disagree.
In determining the appropriate sentence for Kelly, the trial court reviewed a pre-sentence-investigation report that incorporated two victim-impact statements. According to those statements, the young victims had been attending counseling due to the trauma they had experienced at the hands of Kelly. Further, the statement regarding Kelly's daughter indicated that Kelly went to his daughter's home when her mother was not there and told her that "because of all that is going on with this case" he might have to go to jail for fifteen years. To prevent this punishment, he informed her that she needed to write a letter to the court retracting her complaints that he had raped her.
Mindful of society's interest in protecting its most vulnerable citizens, a concern incorporated into the sentencing guidelines, I believe, contrary to the majority, that Kelly's crimes, in and of themselves, caused great or unusual harm to these victims, principally because Kelly misused his position of trust as a father and an uncle to perpetrate the offenses. Despite the fact that there was no lasting physical harm, the facts contained in the record demonstrate greater harm than "normal," in view of the continued emotional abuse and coercion inflicted by Kelly in convincing his daughter to withdraw her complaints by insinuating that it would be her fault if he was sent to jail. This emotional abuse was in addition to the psychological trauma already suffered by these children as a result of the original offenses. The facts, as reflected in the record, clearly and convincingly give rise to great or unusual harm. With this finding established, and after a review of the felony sentencing worksheet, I believe the trial court properly justified its imposition of consecutive sentences.
Based on the foregoing, I would overrule the remaining assignments of error and affirm the convictions and the sentences imposed by the trial court. Accordingly, I dissent.